UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**FARRELL ROCHELLE**  **CIVIL ACTION NO. 5:16-cv-1594**
**LA. DOC #596275**

**SECTION P**

VS.

**JUDGE ELIZABETH E. FOOTE**

**DARRELL VANNOY**  **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

*Pro se* Petitioner Farrell Rochelle, an inmate in the custody of the Louisiana State Penitentiary in Angola, Louisiana, filed the instant Petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on November 16, 2016. [doc. # 1]. Petitioner attacks his March 22, 2012, conviction for principal to second degree murder, and his sentence of life imprisonment without the benefit of probation, parole, or suspension of sentence imposed thereon by Louisiana's Forty-Second Judicial District Court, DeSoto Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Background

The Petitioner, Farrell Rochelle, was convicted by a jury on March 22, 2012, of principal to second degree murder in the death of Ronald Wilson. Wilson was shot on February 3, 2010, during an attempted robbery perpetrated by Rochelle and two other individuals, Paris Smith and Caddara Hogan.

On October 29, 2012, Rochelle appealed his conviction, arguing that there was insufficient evidence to convict him of principal to second degree murder. [doc. #7-5, pp. 17-31].

The appellate court affirmed Rochelle's conviction on July 3, 2013, finding that "the testimony and evidence presented overwhelmingly satisfied the state's burden" of proof. *State v. Rochelle*, 118 So.3d 532, 538 (La. App. Ct. 2d Cir. 2013).

Rochelle applied for writ of certiorari with the Louisiana Supreme Court which was denied on February 21, 2014. [doc. #7-5, p. 57].

On April 22, 2015, Rochelle filed an application for post-conviction relief asserting two claims for relief: (1) whether a constructive amendment of indictment occurred in violation of Rochelle's Fifth Amendment rights; and (2) whether his trial attorney was ineffective for failing to file a motion to quash the amended indictment. *Id.* at 59-82. On June 17, 2015, the trial court denied Rochelle's application for post-conviction relief. *Id.* at 110. It held that Louisiana law allows prosecutors to amend the indictment to charge a lesser offense. *Id.* It also concluded that Rochelle's ineffective assistance of counsel claim was "without merit." *Id.*

On July 27, 2015, Rochelle filed a writ application with the Second Circuit Court of Appeal arguing the same two claims. On August 27, 2015, the appellate court denied writ "[u]pon the showing made" under Louisiana Code of Criminal Procedure article 930.2. *Id.* at 116.

Raising the same two claims, Rochelle filed an application for supervisory writ with the Louisiana Supreme Court. While his first application was pending before the Louisiana Supreme Court, Rochelle filed a second application for post-conviction relief with the trial court on January 20, 2016, based on "newly discovered facts." *Id.* at 119-133. Apparently, the foreman on Rochelle's jury, Mr. Shipp, sent a letter "about the complications and issues that occurred in the jury room during jury deliberation." Based on that letter, Rochelle asserted a third claim for relief

in his second application: whether his due process right to a fair trial by an impartial jury was violated.

On May 12, 2016, the trial court denied Rochelle's second application, finding that the letter did not rise to the level of prejudicial juror misconduct under the federal constitution. *Id.* at 156-57. It also concluded that the foreman's letter was inadmissible under Louisiana Code of Evidence article 606(B), which prohibits a juror from testifying "as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith" unless an outside influence was "improperly brought to bear upon any juror". LA. C. E. art. 606(B).

Rochelle filed a second application for supervisory writ with the appellate court raising the same due process claim based on newly discovered evidence. On July 14, 2016, the Circuit Court denied writ "[o]n the showing made" under Louisiana Code of Criminal procedure article 930.2 and Louisiana Code of Evidence article 606(B). *Id.* at 164.

Rochelle filed a supplemental writ application to the Louisiana Supreme Court raising the same due process claim based on newly discovered evidence. On October 28, 2016, the Louisiana Supreme Court issued two separate opinions denying writ on both of Rochelle's applications for post-conviction relief. As to his first habeas petition, the Louisiana Supreme Court held that Rochelle's claim regarding the amended indictment was without merit. It further held that Rochelle failed to show he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 669 (1984). *Id.* at 166-68. As to Rochelle's second habeas petition, the Louisiana Supreme Court held that the evidence Rochelle sought to introduce "concerning the

jury's deliberation is not admissible" under Louisiana Code of Evidence article 606(B). *Id.* at 171.

On November 16, 2016, Rochelle filed the instant federal habeas petition arguing three claims for relief: (1) whether a constructive amendment of the indictment occurred in violation of his Fifth Amendment rights; (2) whether his trial attorney provided ineffective assistance for failing to file a motion to quash the indictment; and (3) whether his due process right to a fair trial by an impartial jury was violated by juror misconduct during jury deliberations. [doc. #1-2, pp. 9-10].

This matter is before the court.

**I.      Standard of Review – 28 U.S.C. § 2254**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs *habeas corpus* relief. The AEDPA limits how a federal court may consider *habeas* claims. After the state courts have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). An inmate must show that the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the

state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 740. Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). AEDPA has put into place a deferential standard of review, and a federal court must defer to a state court adjudication on the merits. *Valdez v. Cockrell*, 274 F.3d 941, 950 (5th Cir. 2001). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

**II.    Petitioner's Claims**

<u>1. Whether a Constructive Amendment of Indictment Occurred in Violation of Rochelle's Fifth Amendment Right to a Grand Jury Indictment</u>

Petitioner was originally charged with first degree murder on March 25, 2010, by bill of indictment returned by a grand jury. On August 18, 2010, the prosecutor amended the indictment

5

to second degree murder. On January 5, 2012, the prosecutor again amended the indictment to principal to second degree murder. Trial on that charge began on March 19, 2012. The record reflects that the prosecutor called Rochelle and his co-defendant for arraignment on the amended bill of indictment before jury selection began. [doc. #7-2, p. 26; doc. #1-2, p. 12]. The court informed Petitioner of the charges and the right to a formal arraignment. [doc. #7-2, p. 26]. Petitioner, through his counsel, waived formal arraignment and entered a plea of not guilty. *Id.* Petitioner was found guilty as charged on March 22, 2012.

Rochelle argues that a constructive amendment of his indictment occurred "when the prosecutor took it upon himself to raise Petitioner's charge from principal to second degree murder, to second degree murder". [doc. #1-2, p. 12]. He contends that he was "suppose[d] to be brought forth before a grand jury" to be indicted on the higher charge of second degree murder. *Id.*

First, Rochelle is incorrect that the prosecutor indicted him on a higher charge. Rochelle was originally charged with first degree murder. Subsequently, the prosecutor twice amended the indictment, first to second degree murder, and then to principal to second degree murder. Rochelle went to trial on, and was convicted of, principal to second degree murder. Second degree murder is a lesser included offense to a charge of first degree murder in Louisiana. *See State v. Bridgewater*, 823 So.2d 877, 888 n. 12 (La. 2002) (reducing a first degree murder conviction to second degree murder, "a lesser included offense.").

Second, no constructive amendment occurred in this case. "A constructive amendment occurs when it permits the defendant to be convicted upon a factual basis that effectively modifies an essential element of the offense charged or permits the government to convict the

defendant on a materially different theory or set of facts than that with which she was charged." *United States v. McMillan*, 600 F.3d 434, 450 (5th Cir. 2010). If a constructive amendment occurs, reversal is automatic. *United States v. Adams*, 778 F.2d 1117, 1123 (5th Cir. 1985). Rochelle has not argued, nor can he show, that the government convicted him on a materially different theory or set of facts than that with which he was charged.

Third, review of this claim on federal habeas is pretermitted. The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on . . . indictment of a Grand Jury." U.S. CONST. amend. V. However, there is no federal constitutional right to a grand jury in state prosecutions. *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984). Therefore, "[i]t is well-settled . . . that defects in a state indictment are a subject for federal habeas review only if the indictment was so defective that the convicting court has no jurisdiction." *Bennett v. Cain*, No. 10-0131, 2011 WL 2690609, *9 (M.D. La. June 9, 2011) (citing *McKay v. Collins*, 12 F.3d 66 (5th Cir.), *cert. denied*, 513 U.S. 854 (1994)). A "claim of insufficiency of a state indictment is valid for federal habeas purposes only when the indictment is so defective that under no circumstances could a valid state conviction result from facts provable thereunder," and "this can be determined only by looking to the law of the state where the indictment was issued[.]" *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985) (citing *Liner*, 731 F.2d at 1203)) (internal quotations omitted). A "federal habeas court will not consider such claims '[w]hen it appears . . . that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case. . . .'" *Id.* (quoting *Murphy v. Beto*, 416 F.2d 98, 100 (5th Cir. 1969)).

In the instant case, Rochelle does not allege that the state court lacked jurisdiction over

him. Moreover, when presented with the question of whether the amended grand jury indictment violated Rochelle's constitutional rights, the Louisiana Supreme Court explicitly concluded that there was no violation. The Supreme Court cited to *State v. Davis*, 385 So.2d 193, 198 (La. 1980), where it held that "[Louisiana d]istrict attorneys are empowered to amend indictments to charge lesser offenses." Indeed, Louisiana prosecutors "may abandon the charge of the greater crime and proceed with the prosecution for the lesser crime, and no formal indictment is necessary for that purpose." *State v. Young*, 615 So.2d 948, 950 (La. Ct. App. 1st Cir. 1993). Louisiana prosecutors routinely amend indictments from first degree murder to second degree murder without returning to the grand jury. *See id.* at 950 (allowing amendment of grand jury indictment from first degree murder to second degree murder on the day of trial without a prior written motion); *State v. Robinson*, 754 So.2d 311, 322 (La. Ct. App. 2d Cir. 2000) (State could amend grand jury indictment from first degree murder to second degree murder without bringing amended indictment back before grand jury).

 Therefore, review of this claim is barred. Claim one should be **DENIED.**

2. Whether Rochelle's Trial Counsel was Ineffective for Failing to File a Motion to Quash the Indictment

Rochelle argues that his trial counsel was ineffective for failing to file a motion to quash the amended indictment. "To assert a successful ineffectiveness claim, petitioner is required to establish both (1) constitutionally deficient performance by his counsel and (2) actual prejudice as a result of his counsel's deficient performance." *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998). "The failure to prove either deficient performance or actual prejudice forecloses an ineffective assistance claim." *Id.* In order to satisfy the first prong, Rochelle must prove that his

8

counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). In applying the first prong, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See id.* at 689-90. The second prong is satisfied if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

If the petitioner does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test also need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). Furthermore, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green*, 160 F.3d at 1042-43.

Here, Rochelle cannot show that his attorney's actions were deficient. As described *supra* in claim one, Louisiana prosecutors may amend indictments to lesser included offenses without returning the indictment to the grand jury. Thus, the indictment in this case was not defective and filing a motion to quash would have been fruitless. "Failure to file a frivolous motion or lodge a futile objection does not cause counsel's performance to fall below an objective level of reasonableness." *Tyler v. Cain*, No. 15-0824, 2016 WL 4059212, *11 (W.D. La. June 17, 2016) (citing *United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000)). Furthermore, Rochelle fails to articulate how he was prejudiced by his counsel's actions. Even if the motion to quash had been filed and successful, the State of Louisiana would have sought and obtained a second

indictment. *See Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003). As the state appellate court determined on appeal, the evidence against Rochelle was overwhelming. *See Rochelle*, 118 So.3d at 538. Therefore, Rochelle cannot prove actual prejudice.

Petitioner has not shown that he is entitled to relief on this claim. Claim two should be **DENIED.**

<u>3. Whether Rochelle's Due Process Right to a Fair Trial by an Impartial Jury was Violated</u>

On August 22, 2015, Rochelle allegedly received a letter from the jury foreman of his trial about "complications that occurred in the jury room during jury deliberations." [doc. #1-2, p. 17]. The foreman, Mr. Shipp, stated that "two jurors began talking amongst themselves questioning the case," and Mr. Shipp "asked the two jurors to hold off until everyone was able to get their chance to speak." *Id.* "After everyone had spoken, and came to an agreement, Mr. Shipp stated he had forgotten to get back to the two jurors for their opinion." *Id.* Rochelle asserts that his right to a fair trial by an impartial jury was violated when "two jurors could have been subjected to influences such as peer-pressure from their fellow jurors, being that Mr. Shipp had forgotten to come back to the two jurors about the situation." *Id.*

The state trial court held that the foreman's letter was inadmissible under Louisiana Code of Evidence article 606(B). [doc. #1-3, p. 97]. Furthermore, the court held

> a careful review of the foreman's presumptively inadmissible letter/statement is necessary to determine whether there were outside influences brought to bear upon a juror in the applicant's trial. That review reveals there was no outside influence, there were only deliberations, among the jurors. It appears the foreman's true concern is that the more culpable co-defendant received a lesser sentence than Mr. Rochelle, whom he classifies as one, " . . . who was only a participant . . ." This foreman's concern and his opinions as to "justice" are certainly understandable and commendable. However, they do not rise to the level of prejudicial juror misconduct

which forms the basis of a constitutional rights violation.

*Id.* The Louisiana Supreme Court similarly held that the foreman's letter was inadmissible and adopted the district court's opinion. [doc. #7-5, p. 171].

The state court's decision was not contrary to, nor did it involve an unreasonable application of, federal law, and it was not based on an unreasonable determination of the facts in light of the evidence presented. The constitutional right to a jury trial "guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors." *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). Only jury misconduct that deprives the defendant of a fair and impartial trial warrants granting a new trial. *De La Rosa v. Texas*, 743 F.2d 299, 304 (5th Cir. 1984). Federal courts prohibit the admission of juror testimony to impeach a jury verdict. *Tanner v. United States*, 483 U.S. 107, 125-27 (1987). Exceptions to this rule are "recognized only in situations in which an 'extraneous influence' was alleged to have affected the jury." *Id.* at 117. The state court held that there was <u>no outside influence</u> in this case. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003). Rochelle has failed to provide any evidence whatsoever that the state court's factual determination was incorrect. *See Salazar v. Dretke*, 419 F.3d 384, 393 (5th Cir. 2005) (denying habeas relief where petitioner argued that his due process rights were violated by the jury's discussion of inaccurate information during its deliberations because the only evidence petitioner presented was inadmissible under Texas Rule of Evidence 606(b)).

Claim three should be **DENIED**.

### Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that the Petition for writ of

*habeas corpus* filed by Petitioner Farrell Rochelle, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District**

**Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 24th day of April, 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE